IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARBARA SHOWALTER | : | CIVIL ACTION |
| | : | |
| v. | : | No.   07-878 |
| | : | |
| MICHAEL BRUBAKER, et al. | : | |
| | : | |

## <u>MEMORANDUM AND ORDER</u>

**Juan R. Sánchez, J.**                                                                                    **June 21, 2007**

Defendants Senator Michael Brubaker, Kristin Ebersole, Kenneth Brandt, Nathan Meyer, Robert Yarnell, and David Zimmerman ask me to dismiss Plaintiff Barbara Showalter's complaint because it fails to state a Section 1983 claim.  Showalter asserts her complaint sufficiently pleads constitutional deprivations and state action as Section 1983 requires.  I agree with the Defendants and will grant Defendants' 12(b)(6) motions because Showalter's complaint fails to allege state action.

## FACTS[1]

Plaintiff Barbara Showalter is an activist opposed to Lancaster County's canine breeding facilities known as "puppy mills."  Defendants Senator Michael Brubaker, Kristin Ebersole, Kenneth Brandt, Nathan Meyer, Robert Yarnell, and David Zimmerman are all involved in dog breeding or its political sphere.[2]

---

[1] I accept all allegations in, and reasonable inferences from, the Complaint as true and view them in the light most favorable to Showalter.  *Rocks v. City of Philadelphia,* 868 F.2d 644, 645 (3d Cir. 1989).

[2] Senator Brubaker is Pennsylvania's State Senator for the 36th District; Ebersole is the Executive Director of the Pennsylvania Senate's Agriculture and Rural Affairs Committee.   Myer and

1

On February 26, 2007 around noon, Showalter saw all the Defendants outside of the Turkey Hill Minit Market in Lancaster.  Showalter recognized Ebersole and Senator Brubaker as state officials.  She then saw Brandt give Ebersole a white envelope.  Showalter bought a camera at the Turkey Hill and took pictures from behind the market's gas pumps.

Myer noticed Showalter taking pictures and told the other Defendants.  After a discussion, Ebersole and Senator Brubaker approached Showalter.  Terrified, Showalter ran to her parked car, but Senator Brubaker stood behind it, making it impossible for her to leave.  While Showalter attempted to back up inch-by-inch, Ebersole rapped on Showalter's car windows.  Showalter felt intimidated by Ebersole and Senator Brubaker's actions, but she was able to drive away from the Turkey Hill with her camera.

Showalter asserts Senator Brubaker and Ebersole violated Section 1983 by depriving her of her constitutionally protected rights under the First and Fourth Amendments.  She specifically alleges Senator Brubaker and Ebersole violated her "First Amendment rights to take pictures of public figures and their notables at meetings which occur in open public locations without suffering interference and attack."  Pl.'s Compl. ¶  7.  Showalter also alleges they violated her Fourth Amendment right "not to be constrained in her right to move about freely by state officials without cause." Id. ¶ 8.  Showalter argues the other defendants deprived her of her constitutional rights by "concurring" with and encouraging Senator Brubaker and Ebersole to retaliate against her for photographing them.   She also asserts this Court has supplemental jurisdiction over the state tort claims of false imprisonment, civil conspiracies, assault, and emotional distress.

---

Zimmerman are both associated with the Pennsylvania Pet Breeders Association.  Brandt is a dog breeder lobbyist, while Yarnell is founder of the American Canine Association.

**DISCUSSION**

Defendants assert Showalter's Section 1983 claim fails because no constitutional deprivation occurred and no one acted under color of state law. Showalter argues Senator Brubaker and Ebersole retaliated against her for exercising her First Amendment right to take pictures of public figures in public places. She asserts the Fourth Amendment protects against individuals blocking her car and rapping on the car windows, constraining her liberty. I agree Showalter has failed to state a Section 1983 claim against all the Defendants and grant Defendants' 12(b)(6) motions because the complaint fails to allege state action.

A 12(b)(6) motion to dismiss admits the complaint's well pleaded allegations, but denies their legal sufficiency. *Hospital Building Co. v. Trustees of the Rex Hospital*, 425 U.S. 738, 740 (1976); *T.R. Ashe, Inc. v. Bolus*, 34 F. Supp. 2d 272, 274-75 (M.D. Pa. 1999). The complaint and every doubt is resolved in the plaintiff's favor. *In re Arthur Treacher's Franchise Litigation*, 92 F.R.D. 398, 422 (E.D. Pa. 1981). The court must accept the complaint's factual allegations as true, as well as all its reasonable inferences. *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). "[A] case should not be dismissed unless it clearly appears that no relief can be granted under any set of facts that could be proved consistently with the plaintiff's allegations." *Id.* (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

To state a Section 1983 claim,[3] Showalter must allege she was deprived of constitutionally

---

[3] Section 1983 provides, in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any

3

protected rights by individual/s acting under "color of state law." *Kneipp v. Tedder*, 95 F.3d 1199,

1204 (3d Cir. 1996) (citations omitted).  Color of state law is a threshold issue in Section 1983

claims.  While Showalter's complaint arguably states a constitutional deprivation,[4] it fails to

sufficiently allege state action.  For that reason, I will dismiss Showalter's Section 1983 claim.

Section 1983 requires action under color of state law during the constitutional deprivation.

"The color of state law element is a threshold issue; there is no liability under § 1983 for those not

acting under color of law." *Versarge v. Township of Clinton, N.J.*, 984 F.2d 1359, 1363 (3d

---

rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the
party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983.

[4]    Showalter argues she was retaliated against because she exercised her right to take pictures
of "something of public importance."  To state a First Amendment retaliation claim under Section
1983, she must state: 1) she engaged in constitutionally protected activity; 2) defendant retaliated
against her; and 3) her engagement in protected activity caused the retaliation.  *Lauren W. ex rel.
Jean W. v. Deflaminis*,  480 F.3d 259, 267 (3d Cir. 2007).
       Constitutionally protected activity could include photographing Senator Brubaker and the
other defendants meeting in a public parking lot.  Photographing, itself, is conduct with limited First
Amendment protection.  *D'Amario v. Providence Civic Center*, 639 F. Supp. 1538, 1541 (D.R.I.
1986).  Some courts, however, recognize videotaping or photographing public officials on public
property could invoke First Amendment protection because of public interest.  *Gilles v. Davis*,  427
F.3d 197, 212 n.14 (3d Cir. 2005); *Smith v. City of Cumming*, 212 F.3d 1332, 1333 (11th Cir. 2000)
("The First Amendment protects the right to gather information about what public officials do on
public property, and specifically, a right to record matters of public interest.").  This case law
coupled with the political tension and interest surrounding the puppy mill operations meeting could
lead to including photographing Senator Brubaker and the other defendants meeting in the public
parking lot as constitutionally protected activity.  *See Bery v. City of New York*, 97 F.3d 689, 694-95
(2d Cir. 1996) (discussing how the First Amendment strongly protects political expressions and
discourse).
       Showalter also contends Defendants Senator Brubaker and Ebersole violated her Fourth
Amendment right by approaching her and eventually scaring her into her car, preventing her from
leaving easily.  Showalter argues her Fourth Amendment claim demonstrates Section 1983's required
state action.

Cir.1993).  The complaint must allege a "[m]isuse of power, possessed by virtue of state law and made possible *only* because the wrongdoer is clothed with the authority of state law." *United States v. Classic*, 313 U.S. 299, 326 (1941); *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1150-51 (3d Cir. 1995) (emphasis added).

Showalter's complaint does not sufficiently allege the defendants acted under color of state law.  Showalter alleges she recognized Senator Brubaker and Ebersole as state officials and they were acting "outside the scope of their employment."  She further alleges Senator Brubaker and Ebersole "were not authorized to restrain or apprehend" her and is not suing them in their official capacity.  Senator Brubaker and Ebersole approached Showalter, rapped on her car windows, and stood behind her car preventing her from easily driving away.  As Showalter states in her complaint, these are actions "outside the scope of their employment."  These defendants did not arrest, file charges against Showalter, or in any other way invoke State authority when the alleged constitutional deprivations occurred.  Showalter relies on her recognition of Brubaker and Ebersole as state officials and their immediate reaction to her photographing their meeting to demonstrate state action. These allegations, without more, fail to create state action.  *Barna v. City of Perth Amboy*, 42 F.3d 809, 815-16 (3d Cir.1994) (reasoning "under color of law means under 'pretense' of law. Thus, acts of officers in the ambit of their personal pursuits are plainly excluded."); *see Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982) (invoking constitutional standards only when "the State is *responsible* for the specific conduct of which the plaintiff complains."); *Uniontown Newspapers, Inc. v. Roberts*, 839 A.2d 185, 200 (Pa. 2003) (Lamb, J., dissenting) (reasoning a legislator's decision to selectively disclose phone records did not involve State action).

When asked at oral argument to explain what conduct demonstrated state action, Showalter

contended her Fourth Amendment claim of Senator Brubaker's and Ebersole's alleged seizure showed this requirement.  Showalter's argument of state action depends on whether her complaint sufficiently alleges Senator Brubaker and Ebersole seized her under the Fourth Amendment.  I find it does not.

A Fourth Amendment seizure "occurs only when government actors have, by means of physical force or show of authority . . . . in some way restrained the liberty of a citizen." *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989).  The Fourth Amendment only protects against governmental action, not private action. *United States v. Jacoben*, 466 U.S. 109, 114 (1984) (citing *Walter v. United States*, 477 U.S. 649, 662 (1980)).  The Court must determine whether Brubaker's and Ebersole's alleged seizure of Showalter is an action "emanat[ing] from the authority of the state." *Com. v. Price*, 672 A.2d 280, 284 (Pa. 1996).

Here, Showalter's complaint fails to allege the seizure occurred because of Senator Brubaker's authority under state law.  As alleged and argued, Showalter felt so terrified when Senator Brubaker and Ebersole approached her, she ran to her parked car.[5]  Senator Brubaker and Ebersole followed her, and Brubaker stood behind her parked car preventing her from driving away.  As alleged and argued, the reason she had difficulty in maneuvering was because an individual was

---

[5] Showalter fails to sufficiently state a claim under the Fourth Amendment because she fails to allege a seizure.  A Fourth Amendment seizure occurs when a governmental actor through force or show of authority has restrained a citizen's liberty.  *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989).  A person is not seized if he/she reasonably feels free to leave under the applicable circumstances. *United States v. Mendenhall,* 446 U.S. 544, 554 (1980).  Showalter's ability to run from Senator Brubaker and Ebersole when they approached indicate she was free to leave and did not reasonably feel obligated to submit to them.  Showalter was not charged or penalized by the State because of her flight.  As alleged and argued during oral argument, Senator Brubaker and Ebersole did not invoke their authority under color of state law to stop Showalter.  It was Showalter's own fear that caused her to run into her car, not  Senator Brubaker's or Ebersole's state authority.

standing in her way, not because he was a State Senator invoking his authority under color of state law.

Showalter has failed to allege how Senator Brubaker's decision to stand behind Showalter's car was a misuse or abuse of state authority or how this decision emanated from the State. While Senator Brubaker stood there, he did not threaten Showalter with an arrest, summon a sheriff or other state official to stand in his place, or in any other way invoke state authority in his conduct towards Showalter. In *Graw v. Fantasky*, 68 Fed. Appx. 378, 382 (3d Cir. 2003) and *Bristow v. Clevenger*, 80 F. Supp. 2d 421, 423-24 (M.D. Pa. 2000), both plaintiffs alleged the defendants misused their state power by filing charges against them. Showalter's complaint fails to allege such a misuse or any other misuse or abuse of state authority, nor did she argue any misuse or abuse during oral argument. Thus, her Section 1983 claim against Senator Brubaker and Ebersole fails for insufficiently alleging state action.

Showalter alleges Defendants Brandt, Meyer, Yarnell, and Zimmerman acted under color of state law because they "concurred" with Brubaker and Ebersole, state officials, to approach Showalter. "A private action is not converted into one under color of state law merely by some tenuous connection to state action." *Groman v. Township of Manalapan*, 47 F.3d 628, 639 (3d Cir. 1995); *see also Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974). Mere "concurrence" with state officials does not suffice in invoking state action. Brandt, Meyer, Yarnell, and Zimmerman, as private citizens, were also not acting under color of state law because Senator Brubaker and Ebersole were not acting under color of state law. Thus, I also find Showalter cannot prevail on the first prong of Section 1983 requiring color of state law against Defendants Brandt, Meyer, Yarnell, and Zimmerman.

Because Showalter's complaint fails to allege state action, her Section 1983 claim asserting First and Fourth Amendment deprivations must be dismissed.  I decline to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367 (c).

An appropriate order follows.